PER CURIAM.
On February 3, 2010, Arkansas death row inmate Jack Harold Jones, Jr., filed a motion to intervene in a 42 U.S.C. § 1983 action filed by Marcel Williams, another death row inmate, challenging the constitutionality of the Arkansas Method of Execution Act (“MEA”). Williams claimed, among other things, that the MEA violates the Ex Post Facto Clause of Article I, Section 10 of the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment. On March 2, 2010, the district court dismissed Williams’s § 1983 suit for failure to state a claim and denied as moot Jones’s motion to intervene. See Williams v. Hobbs, No. 5:09-ev-00394, 2010 WL 749563, at *5 (E.DArk. Mar. 2, 2010). On March 8, 2010, Jones filed his own § 1983 challenge to the MEA and sought a preliminary injunction to stay his execution. Although the district court acknowledged that it had recently rejected nearly identical claims in Williams, the court issued a preliminary injunction staying Jones’s execution “pending further orders.”
The district court allowed death row inmates Don William Davis and Stacey Eugene Johnson to intervene in Jones’s § 1983 action on March 17, 2010, and March 22, 2010, respectively. On April 5, 2010, the district court dismissed Jones’s § 1983 suit “for the same reasons as in Williams.” See Jones v. Hobbs, No. 5: 10-cv-00065, 2010 WL 1417976 at *1 (E.D.Ark. April 5, 2010) (hereinafter “April 5, 2010 Order ”). At the same time, the district court ordered the upcoming executions of Davis (set for April 12, 2010) and Johnson (set for May 4, 2010) stayed “pending further orders.” Id. at 2010 WL 1417976 at *4. The court explained that “[t]he reasons for staying the execution of Jones apply equally to Davis and Johnson.” Id. at 2010 WL 1417976 at *3-4. The State has filed a motion to vacate Davis’s and Johnson’s stays of execution. Because we conclude that the district court abused its discretion in staying these executions, we grant the State’s motion to vacate.
In issuing Jones a preliminary injunction and staying his execution, and then adopting the same reasons in staying the impending executions of Davis and Johnson, the district court applied the wrong legal standard. Specifically, the district court found, citing Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109 (8th Cir.1981) (en banc), that in challenging the constitutionality of the MEA, Jones had raised “serious questions” requiring “deliberate investigation.” Jones v. Hobbs, 696 F.Supp.2d 1018, 1020, 2010 WL 923871, *2 (E.D.Ark.2010). The Supreme Court has made clear, however, that “inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.” Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). The plaintiffs in Jones have failed to show — and the district court did not find — that they have any realistic chance of prevailing on the merits, much less that they have a significant possibility of success on the merits. Under Hill, the likelihood of irreparable harm (which is present in every § 1983 action challenging a pro *582 posed method of execution) is not enough. Nor is it enough to declare that the plaintiffs have raised “serious issues” requiring “deliberate investigation.” For the reasons given by the district court in dismissing this action for failure to state a claim, we conclude that Davis and Johnson have virtually no chance of success on the merits. See April 5, 2010 Order, at 2010 WL 1417976 at *3-4 (dismissing all claims as purely speculative).
We have held that Arkansas’s current lethal injection protocol does not violate the Eighth Amendment, see Nooner v. Norris (Nooner II), 594 F.3d 592, 608 (8th Cir.2010), reh’g denied, — F.3d-(8th Cir. Apr. 5, 2010), and the State insists that the protocol “that would be used in Davis[’s] and Johnson’s executions is the identical protocol already approved [in Nooner II ],” see State’s Mot. to Vacate, at 9. The plaintiffs’ facial challenge to the MEA on the basis that it authorizes the State to adopt a different, unconstitutional protocol (or to deviate from the current protocol) at the eleventh hour is purely speculative. Failing to dissolve the stays under these circumstances not only would leave the district court’s abuse of discretion uncorrected, it would undermine the principle that “[fjiling an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course,” see Hill, 547 U.S. at 583-84, 126 S.Ct. 2096. Accordingly, we have already vacated the preliminary injunction and stay of execution issued to Jones, and we now grant the State’s motion to vacate Davis’s and Johnson’s stays of execution.
For the foregoing reasons, the State’s motion to vacate the order staying the executions of Davis and Johnson is granted.