# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3292

_____

| | | |
|---|---|---|
| Roderick Nunley, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael Bowersox, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 19, 2010
Filed: October 19, 2010

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

On October 18, 2010, the district court[1] granted Roderick Nunley's motion to stay execution pending the resolution of his habeas case because "there is an issue which required further development," namely "[i]f the right to have a jury determine his punishment did not exist when [Nunley] was originally sentenced to death, but this right was subsequently established by Ring and found to be retroactive by the

_____

[1] The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Missouri Supreme Court in <u>Whitfield</u>, is [Nunley]'s waiver still valid?"[2]  The government appeals the stay.  We deny the motion to vacate the stay.

We generally review an order to grant a stay of execution for abuse of discretion.  <u>Jones v. Hobbs</u>, 604 F.3d 580, 581 (8th Cir. 2010); <u>Nooner v. Norris</u>, 491 F.3d 804, 807 (8th Cir. 2007).  After carefully reviewing the submissions of the parties and the well-reasoned district court opinion, we can find no abuse of discretion.  While we express no opinion on the issue of whether the Missouri Supreme Court unreasonably applied controlling Supreme Court precedent, we do believe the issue is sufficiently meritorious to say that the district court did not abuse its discretion to grant a stay to fully develop the record and decide the issue.

_____

---

[2]In <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), the United States Supreme Court recognized the right to a jury determination of all facts necessary to impose the death penalty.  In <u>State v. Whitfield</u>, 107 S.W.3d 253 (Mo. Banc 2003), the Missouri Supreme Court made <u>Ring</u> retroactive under state law.